FILED

**NOT FOR PUBLICATION**

JUL 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA PALACIOS,<br><br>  Petitioner,<br><br> v.<br><br> ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 07-75019<br><br> Agency No. A77-351-631<br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2012
Pasadena, California

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.**

Paula Palacios ("Petitioner"), a native and citizen of Mexico lawfully

residing in the United States, petitions for review of the Board of Immigration

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*  The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

1

Appeals' ("BIA") final order finding her removable under Immigration and Nationality Act § 212(a)(6)(E)(I), 8 U.S.C. § 1182(a)(6)(E)(I), for having "knowingly . . . encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law . . . ." This court has jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

This court reviews questions of law de novo, including the application of law to undisputed facts. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir. 2005). Factual findings are reviewed for substantial evidence, meaning they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

Petitioner argues that she did not affirmatively assist or encourage alien smuggling as defined in Altamirano v. Gonzales, 427 F.3d 586, 588 (9th Cir. 2005). In Altamirano, we held that "[t]he plain meaning of [§ 1182(a)(6)(E)(I)] requires an affirmative act of help, assistance, or encouragement." Id. at 592. In other words, mere presence in a vehicle with knowledge of a plan to smuggle aliens into the United States is insufficient. Id.

Here, Petitioner's actions extend beyond mere presence and knowledge. Petitioner first placed her friend in contact with her husband for the purpose of

transporting an alien into the United States illegally. She then drove her husband to pick up a passport for use in the attempted alien smuggling and traveled with her husband and two children to Tijuana, Mexico. She agreed with her husband to disclaim any knowledge of the alien's residency or citizenship status if questioned by Customs and Border Protection ("CBP") officers. Finally, she and her husband picked up the alien in Mexico and attempted to enter the United States via the San Ysidro Port of Entry. Given these facts, the BIA properly applied the law in finding that Petitioner affirmatively assisted and encouraged alien smuggling in violation of 8 U.S.C. § 1182.

The factual findings relied upon by the BIA in reaching its decision are supported by substantial evidence. Petitioner, while under oath, admitted her part in assisting and encouraging the attempted alien smuggling to CBP officers. She does not challenge the sufficiency of the evidence presented here. On the record before the court, we conclude that "no reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

**PETITION DENIED**.